**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamel, LLC, an Arizona limited liability company; William Reiber and Cynthia Reiber, husband and wife; James R. Shough and Elaine V. Shough, husband and wife; Claude Lemieux and Debra Lemieux, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Michael H. Mugel, an unmarried individual; Michael H. Mugel, as Trustee of the Michael H. Mugel Trust, a California Trust; Red Mountain Retail Group, Inc., a California corporation; TBI Construction, Inc., a California corporation,<br><br>Defendants. | No. CV 08-2325-PHX-FJM<br><br>**ORDER** |

This action arises out of the marketing and sale of non-managing membership interests in several limited liability companies created to own and operate real estate projects. The court has before it defendants Michael Mugel, individually and as trustee of the Michael Mugel Trust, Red Mountain Retail Group, Inc., and TBI Construction, Inc.'s motion to dismiss (doc. 14), plaintiffs Jamel, LLC, William and Cynthia Reiber, James and Elaine Shough, and Claude and Debra Lemieux's motion for leave to amend complaint and response and first amended complaint (docs. 21 & 22), and defendants' reply (doc. 25).

1    Plaintiffs' complaint contains twenty counts including federal securities law (counts
2 I & II) and various state law (counts III-XX) claims.  Defendants move to dismiss on the
3 grounds that plaintiffs have failed to meet the pleading requirements of Rule 8(a)(2), Fed. R.
4 Civ. P., or the heightened pleading requirements of Rule 9(b), Fed. R. Civ. P., and the Private
5 Securities Litigation Reform Act of 1995.  In response, plaintiffs move for leave to amend
6 their complaint.  Defendants have not responded to plaintiffs' motion for leave to amend, but
7 make clear that their motion to dismiss applies to plaintiffs' original complaint only.

8    Under Rule 15(a), Fed. R. Civ. P., a party may amend a pleading once as of right at
9 any time before a responsive pleading has been filed.  At this point, defendants have only
10 filed a motion to dismiss plaintiffs' complaint, which is not a responsive pleading.  Miles v.
11 Dep't of Army, 881 F.2d 777, 782 (9th Cir. 1989).  Plaintiffs, therefore, still have the right
12 to amend their complaint without leave of court.  Rule 15(a)(1)(A), Fed. R. Civ. P.

13    Once a complaint has been amended, "[t]he amended complaint supersedes the
14 original, the latter being treated thereafter as non-existent."  Loux v. Rhay, 375 F.2d 55, 57
15 (9th Cir. 1967) (citations omitted).  Because plaintiffs have lodged a first amended
16 complaint, defendants motion to dismiss the original complaint is now moot and must be
17 denied on those grounds.  This is, of course, without prejudice to defendants' right file a
18 motion to dismiss plaintiffs' amended complaint.

19    Accordingly, **IT IS ORDERED DENYING** defendants' motion to dismiss as moot
20 (doc. 14).   **IT IS FURTHER ORDERED GRANTING** plaintiffs' motion for leave to
21 amend (doc. 21).  The clerk shall file the lodged amended complaint under LRCiv. 15.1(c).
22    DATED this 15th day of May, 2009.

Frederick J. Martone
Frederick J. Martone
United States District Judge

- 2 -